**AMERICAN ROLLING MILL CO., Plaintiff v. ATKINSON, Admr. of Bureau of Unemployment Compensation, Defendant.**

Common Pleas Court, Franklin County.

No. 163543. Decided May 23, 1942.

Messrs. Dargusch, Caren, Greek & King, Columbus, for plaintiff.

Mr. Thomas J. Herbert, attorney general, Mr. J. M. Woy, asst. attorney general, Columbus, for defendant.

## OPINION

By LEACH, J.

On demurrer to amended petition.

The crux of the controversy involves the correct construction of that part of Amended Substitute Bill No. 190, passed on June 13, 1939, being part of §1345-1e GC:

"* * * if title IX of the Social Security Act shall be amended to exclude from the excise tax thereby imposed upon 'wages' that part of the remuneration paid or payable to an individual employee with respect to employment during any calendar year which is in excess of $3,000.00 such remuneration paid or payable in excess of $3,000.00 in such calendar year shall not be subject to contributions for the purposes of this act."

Title IX of the Social Security Act was amended on August 10, 1939, effective January 1, 1940, by Section 1607, Title 26, Code of Laws of the United States:

"(b) Wages. The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; except that such term shall not include (1) that part of the remuneration which, after remuneration equal to $3,000.00 has been paid to an individual by an employer with respect to employment during **any calendar year,** is paid to such individual by such employer with **respect to employment during such** calendar year."

As this amendment to the Social Security Act became effective on January 1, 1940, the words "any calendar year" as therein used refer **prospectively to the year 1940** and all future calendar years while such amendment should remain in effect.

When, in §1345-1e GC, the General Assembly used the language: "* * * if title IX of the Social Security Act shall be amended to

exclude from **the excise tax** thereby imposed upon 'wages' that part of the remuneration paid or payable to an individual employee with respect to employment during **any calendar** year which is in excess of $3,000.00"—it was looking forward to a possible event, viz; a congressional change in a specific way of the Social Security Act relative to the excise tax levied by Congressional Authority; it was stating a contingency, upon the happening of which, certain things later to be stated in said §1345-1e GC were to hinge or follow. As stated, the General Assembly was looking forward to a change in the Federal law relative to the excise tax and it was specific in stating the expected amendment; it was to be one whereby there was to be excluded "from the excise tax thereby imposed on 'wages' that part of the remuneration paid or payable to an individual employee with respect to employment during any calendar year which is in excess of $3,000.00."

By reference, therefore, **"any calendar year"** as used in said §1345-1e GC meant **"any calendar year"** as such words were to be and later were used in the Congressional Amendment to the Social Security Act above referred to.

As we have already seen, "any calendar year" as there used meant the year 1940 and any later year during which the amendment to the Social Security Act remained in force; the year 1940, however being the earliest year.

Again it is to be repeated that the language of §1345-1e GC, beginning with the words "if title IX of the Social Security Act shall be amended" and ending with the words "is in excess of $3,000.00", is but the statement of the contingency for which preparation was by said section being made.

The expected happened; the Social Security Act was so amended, effective January 1, 1940. This brought into effectiveness, then, the remainder of the section (§1345-1e GC) which had to do with contributions under the authority of the General Assembly as distinguished from the excise tax levied by authority of the Federal Government:

"**Such remuneration** paid or payable in excess of $3,000.00 in such calendar year shall not be subject to contributions for purposes of this act."

As we have seen, the earliest calendar year so referred to is the year 1940.

The whole clause, stating what is to happen in the event the contingency takes place, that is, the passing of the Congressional Amendment, begins with the words "Such remuneration." **"Such remuneration"** is the subject being dealt with, all the subsequent

words having reference thereto. **"Such remuneration"** refers back to the **"remuneration"** paid or payable * * * with respect to employment during any calendar year; the words **"any calendar year"**, referring to the earliest possible year, that is 1940. **"Such remuneration"**, therefore, means with respect to employment for the year 1940, and not with respect to employment for the year 1939.

The intent of the Legislature must be found, first of all, in the words of its enactment, and no supposed intent of that body, aliunde, can supplant the words used.